IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Jeff Erdman,                                                                  Case No. 3:11CV721

        Plaintiff

   v.                                                                             ORDER

Johns Manville, *et al*.,

        Defendant


      This is a hybrid § 301 action in which I granted the motion of the employer's (defendant Johns Manville) motion to dismiss. (Doc. 22). Pending is plaintiff's motion for reconsideration (Doc. 27).[1] For the reasons that follow, I grant reconsideration, but confirm my decision to grant the motion to dismiss.

      The employer required the plaintiff to submit a hair sample for drug testing. Contrary to the collective bargaining agreement, the company did not retain a segment of the sample for later testing/verification. The test results were positive for marijuana. The plaintiff claims that this result is a false positive. Not accepting his contention, the employer fired him.

---

[1] Shortly after entry of the dismissal order, the parties informed me during a conference call that a factual premise on which I based my decision was inaccurate. I instructed the plaintiff to file his motion for reconsideration and set a briefing schedule on the motion.

    That factual premise was that the defendant union had not timely requested arbitration. On the basis, in part, of that premise, I concluded that the statute of limitations began running once the union told plaintiff it was not pursing arbitration. Plaintiff contended that his internal union challenge to that decision tolled the statute. As I interpreted the collective bargaining agreement, that internal challenge could not revive the opportunity for arbitration, therefore was futile and thus did not toll the statute. Because I found the statute had run as to the employer before plaintiff filed suit, I entered the dismissal order now under reconsideration.

The co-defendant union grieved plaintiff's termination. The employer notified him that it denied his grievance on June 29, 2010.

The union filed its timely request on July 15, 2010, for arbitration. Thereon, the collective bargaining agreement required:

> The company and the union shall then attempt to agree upon an acceptable arbitrator. If agreement is not reached within fourteen (14) days, the Federal Mediation and Conciliation Service (FMCS) shall be requested to submit panels of arbitrators from which the arbitrator shall be selected. Either party may request and be restricted to a limit of thirty (30) days from the date of the step 3 written answer to file for a panel.

The time within which the union could have requested a panel under this provision expired on July 29, 2010.

The plaintiff does not contend that the employer and union agree on an acceptable arbitrator. Nor did either fulfill the requirement of asking the FMCS within fourteen days after they had not reached agreement to submit a panel from which the arbitrator was to be selected.

The collective bargaining agreement also provides: "The time limits set forth above can be extended by mutual agreement of the parties." The plaintiff does not contend that either party asked for, much less that both the employer and union agreed to, an extension of any of the time limits.

On August 25, 2010, the union told the plaintiff it would not be arbitrating his grievance. The employer contends that the six-month statute of limitations began running on that date.

Now on his own, the plaintiff internally appealed the union's refusal to take his case further. The union's Executive Board informed the plaintiff on October 20, 2010, that it affirmed the defendant union's decision not to arbitrate. Plaintiff claims the statute of limitations began running on that date.

2

This is so, the plaintiff contends, because his internal appeal of the union's decision tolled the running of the statute until the Executive Board issued its decision.

The employer asserts that the internal appeal did not toll the statute because even a favorable decision would be ineffectual. This, in turn, is so, the employer argues, because nothing could revive a lapsed arbitration.

The plaintiff points to what he calls the "waiver" provision: namely, that "[e]ither party may request and be restricted to a limit of thirty (30) days from the date of the step 3 written answer to file for a panel." The mere presence of this provision in the collective bargaining agreement, plaintiff argues, overcomes the employer's claim that his internal appeal was futile.

Plaintiff appears to be arguing that, because the parties to the collective bargaining agreement – the union and employer – *could* agree to extend time limits (and thus allow section of a panel anytime within extended limits), the record must be treated *as though* they had agreed to an extension. They being deemed to have done so, the internal union appeal would not *necessarily* have been futile because an extension of time limits would enable delayed request for a panel – and thus restoration of the right to arbitration.

I find this contention unpersuasive.

First, to the extent that plaintiff relies on the Supreme Court's passing reference in *Clayton v. Int'l Union, United Auto., Aerospace, & Agric. Implement Workers*, 451 U.S. 679, 692 n.18

(1981),[2] to such provision as a "waiver," there is no reason to give that denomination any significance, much less deem it somehow controlling.

Second, there is no rational basis for viewing a provision allowing the parties to extend time on mutual agreement as if they had done so. They did not do so; that is what matters.

When the parties did not extend the time for asking for a panel, the opportunity to arbitrate plaintiff's grievance expired.

The "parties" to a collective bargaining agreement are the union and employer; not the employee and employer. It would take both to agree to an extension. Once the union declined itself to file for a panel, there was no basis whatsoever for believing that it would thereafter do so at the behest of the plaintiff. And there is likewise no reason to believe that the employer would agree to an extension in any event.

Thus, even accepting the dubious proposition that a *post-hoc* agreement to extend the time to ask for a panel might arguably have revived an expired arbitration opportunity, there was no likelihood that the union and employer would ever do so.

Thus, once the plaintiff knew the union would not arbitrate, there was no potential, much less a possible, fair or reasonable potential that getting a reversal of the union's decision could restore the opportunity for the arbitration to occur. Even if the Executive Board could instruct the union to agree to the *post-hoc* extension of time, its command could have no influence on the employer.

---

[2] The reference reads: "Although Art. VIII, § 5, which establishes time limits for processing, *grievances*, states that '[t]he time limits contained herein may be extended by mutual agreement in writing by the parties concerned,' there is no comparable waiver provision in Art. IX, which establishes the 15-day time limit for requesting *arbitration*. (Emphasis in original).

4

Agreeing at that point to extend the deadline *nunc pro tunc* for filing for a panel would serve no useful purpose from the employer's perspective.

Plaintiff argues that the employer did not tell him it would not agree to an extension. The collective bargaining agreement imposes no duty on it to do so. What matters is that plaintiff has failed to allege any plausible basis for concluding it *ever* would do so. Supposition that it might is not sufficient.

Finally, the plaintiff argues that his unfamiliarity with the provisions of the collective bargaining agreement and how he could best go about protecting his interests is not a basis for enforcing the collective bargaining agreement's terms against him. Ignorance is not an excuse for avoiding the operation of the collective bargaining agreement's provisions:

> [A] lack of knowledge regarding internal union procedures is not a defense to [an employee's ] failure to exhaust. *E.g., Miller v. General Motors Corp*., 675 F.2d 146, 149-50 (7th Cir. 1982) (plaintiff "had a duty to know his union appeal rights"); *Newgent v. Modine Mfg. Co.*, 495 F.2d 919, 928 (7th Cir. 1974) ("Necessarily implied in th[e] obligation [to exhaust] is the duty to become aware of the nature and availability of union remedies."); *Tran v. Tran*, 847 F. Supp. at 311 ("A plaintiff/employee, as a union member, is presumed to be familiar with internal grievance procedures set forth in the Union constitution or CBA [collective bargaining agreement]"); *Hull v. Local 414 of Int'l Brotherhood of Teamsters*, 601 F. Supp. 869, 873 (N.D. Ind. 1985) ("[p]laintiff is required to familiarize himself and to honor the terms and conditions of the collective bargain agreement involved"); *Dezura v. Firestone Tire & Rubber Co.*, 470 F. Supp. 121, 124 (E.D. Pa. 1979) ("Ignorance, however, is no excuse, for plaintiff had a duty to acquaint himself with the nature and availability of union remedies."), *aff'd*, 612 F.2d 571 (3rd Cir. 1979).

*Henry v. Community Resource Center, Inc*., 1996 WL 251845, \*7 (S.D.N.Y.).

Just as a member is charged with knowing internal grievance procedures within the union, he is likewise obligated to know the meaning and effect of other provisions of the collective bargaining agreement. In this case there was nothing in the agreement which would reasonably have

5

led him to conclude that pursing an internal union appeal would enable him to arbitrate his grievance on his own.

A fair – indeed, the only reading as of August 25, 2010 – of the collective bargaining agreement is that the time for filing for a panel having lapsed, arbitration would not occur. Even if it could in abstract theory occur if the union and employer agreed to extend the deadline for such filing, there was absolutely no basis for the plaintiff to believe that either – much less both – would do so. There was simply no possibility to arbitrate. Challenging the union's decision not to do something that could not be done was entirely futile.

That being so, the statute of limitations began running then. Pursuing the internal union process could not and did not toll the statute's running. As a result, it expired before plaintiff filed this suit.

It is, accordingly

ORDERED THAT:

1. Plaintiff Jeff Erdman's motion for reconsideration (Doc. 27), be, and the same hereby is granted insofar the Order of August 15, 2011 (Doc. 22) is reconsidered; and

2. On reconsideration, the motion of defendant Johns Manville for dismissal (Doc. 16) be, and the same hereby is granted.

3. A scheduling conference is set for November 4, 2011 at 9:00 a.m.

So ordered.

/s/ James G. Carr
Sr. United States District Judge